# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

Kenneth C. Hall,  )
    Petitioner, )
) 
v. ) 1:18cv1036 (AJT/TCB)
)
Harold W. Clarke, )
    Respondent. )

## MEMORANDUM OPINION

Kenneth Carlos Hall ("Hall" or "petitioner"), a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that his trial and conviction were plagued by reversible error. On December 13, 2018, respondent, through counsel, filed a Motion to Dismiss and Rule 5 Answer supported by a legal brief and documentary exhibits. Dkt. Nos. 13-15. Petitioner later filed two oppositions to respondent's Motion. Dkt. Nos. 20, 22. For the reasons outlined below, respondent's Motion to Dismiss will be granted, and the underlying petition for writ of habeas corpus will be dismissed.

### I. Background

On April 10, 2014, a judge of the Circuit Court of Loudoun County found petitioner guilty of possession of burglarious tools and felony petit larceny, third or subsequent offense.[1] Dkt. No. 15-1. On September 24, 2014, the Circuit Court imposed upon Hall a sentence of fifteen years imprisonment with ten years and seven months of that period suspended, resulting in an active sentence of four years and five months. Id.

Hall did not timely appeal his convictions. Record No. 151459. Instead, he filed actions in this Court and in the Supreme Court of Virginia. First, on September 19, 2014, petitioner filed

---

[1] The relevant statutes under which petitioner was charged are Va. Code § 18.2-94 and § 18.2-96 & § 18.2-104, respectively.

a petition for a writ of habeas corpus in this Court. See Case No. 1:14cv1255 (AJT/TRJ). The action was dismissed based on petitioner's failure to exhaust state remedies. See id., Dkt. No. 3. Then, on September 21, 2015, Hall filed in the Supreme Court of Virginia a petition for a writ of habeas corpus, raising four claims. Record No. 151459. On June 20, 2016, the state supreme court granted the writ solely as to the issue of petitioner's right to directly appeal his conviction out-of-time. Id. It dismissed the remaining three claims without prejudice to Hall's right to later refile a second petition.[2] Id.

Pursuant to the writ granted by the Supreme Court of Virginia, on September 16, 2016, petitioner, representing himself, filed a delayed direct appeal in the Court of Appeals of Virginia, raising the following grounds:

> 1.) The trial court erred in denying Mr. Hall's Motion to Suppress and refusing to hear or rule on Mr. Hall's Supplement [sic] Motion to Suppress....
>
> 2.) The trial court erred in denying Mr. Hall's verbal motion for recusal....
>
> 3.) The trial court erred in denying Mr. Hall his right to counsel for an appeal....
>
> 4.) The trial court erred in denying Mr. Hall's first motion to set aside judgment....
>
> 5.) The trial court erred in admitting video evidence that was incomplete....
>
> 6.) The trial court erred in admitting evidence that had not been tested as ordered by the court....
>
> 7.) The trial court erred in restricting Mr. Hall from cross-examining the Commonwealth's only alleged eye witness with respect to his conflicting and inconsistent statements [regarding a peg hook security device]....
>
> 8.) The trial court erred in restricting Mr. Hall from cross-examining the only alleged witness for the Commonwealth with respect to his conflicting and inconsistent statements [regarding defendant's actions within a Target store]....

---

[2] It does not appear that Hall filed a second habeas petition in the Supreme Court of Virginia.

> 9.) The trial court erred in using hearsay evidence for the truth of a matter asserted [in determining Mr. Hall's guilt]....
>
> 10.) The trial court erred in denying Mr. Hall's Motion to Dismiss....

Record No. 1544-16-4. Through a per curiam order dated April 5, 2017, the Court of Appeals denied Hall's appeal. Id.[3] On May 22, 2018, the Supreme Court of Virginia refused the petition for appeal.[4] Record No. 171159. Having unsuccessfully pursued several claims on direct appeal, petitioner filed the petition currently at issue, raising the following eight claims:

> 1.) "Malicious prosecution; conspiracy to suborn perjury" in that "the record evidence shows that the only alleged eyewitness for the Commonwealth prosecution gave law-enforcement materially false statement and then came to court and gave the same materially false statement at the preliminary hearing" regarding Hall's use of an "S3 key."
>
> 2.) "Malicious prosecution; conspiracy to suborn perjury" in that Deputy Leonard falsely testified about whether Hall was "found to be ... in possession of a [burglarious] tool" and relied on such false information in the affidavit in support of an arrest warrant for petitioner.
>
> 3.) "Prosecutorial misconduct" occurred when the Commonwealth's prosecutor pursued charges against him based on false claims by a store employee and when the employee repeated those false claims on the stand.
>
> 4.) "Insufficient Evidence for Probable Cause" as to charges of possession of burglarious tools and larceny.
>
> 5.) "Illegal use of Testimonial Hearsay" in a motion to suppress hearing and in determining petitioner's guilt at trial.
>
> 6.) "Denied Right to Appeal" due to trial court's delay in appointing appellate counsel.

---

[3] Subsequently, on June 22, 2017, Hall filed a second federal petition for writ of habeas corpus. See Case No. 1:17cv715 (AJT/JFA). This petition was dismissed because the Supreme Court of Virginia had not yet considered petitioner's claims. Id., Dkt. No. 4.

[4] When the Supreme Court of Virginia summarily refuses a petition for appeal, this Court looks to the previous state court decision as the last reasoned judgment on that claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Here, that is the April 5, 2017, Court of Appeals of Virginia opinion.

7.) "Intentional Denial of Appellant [sic] Counsel" by appointment of counsel who was "intentionally ineffective ... to make it appear that Hall was receiving an appellant [sic] review of his conviction ... [but who] was an organ for the Commonwealth who attempted to sabotage Mr. Hall's right to appeal."

8.) The trial court intentionally restricted Hall from cross-examining a Target employee regarding the locking mechanism of a security device.

Dkt. No. 1. For the reasons outlined below, petitioner is not entitled to relief based on any of these arguments.

## II. Exhaustion, Procedural Default, and Mootness

Before a state prisoner may file in federal court a petition for a writ of habeas corpus, the prisoner must first exhaust his claims in the state court system. 28 U.S.C. § 2254(b)(1)(A). Indeed, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, to exhaust state remedies, "a petitioner must present the same factual and legal claims raised in the [federal] petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." Sparrow v. Dir., Dep't of Corr., 439 F.Supp.2d 584, 587 (E.D. Va. July 20, 2006).

A successfully exhausted claim may nevertheless be deemed "procedurally defaulted" and barred from federal review if a state court denies that claim pursuant to an independent and adequate state ground. See Harris v. Reed, 489 U.S. 255, 259 (1989). And a federal habeas court may deem a claim not presented to the highest state court exhausted and barred from review "if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). Federal habeas petitioners may overcome procedural bars and receive review of their claims

through a showing of cause and prejudice, see Gray v. Netherland, 518 U.S. 152, 162 (1996), or actual innocence, see McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

A. **Claim Two**

In Claim Two, petitioner appears to argue that he was the victim of malicious prosecution and conspiracy to suborn perjury because, in an affidavit, law enforcement stated under oath certain facts about petitioner to obtain a warrant for arrest and later provided different testimony on the witness stand. Dkt. No. 1. Petitioner could have but did not present this argument to the Court of Appeals of Virginia on direct appeal.[5] Because petitioner could have raised this claim at trial and on appeal but failed to do so, and because it is clear that the claim would have therefore been barred had petitioner presented the claim to the state court, the claim is deemed exhausted and barred from review. See Slayton v. Parrigan, 215 Va. 27 (1974).[6] Petitioner has not articulated any cause for his failure to present this claim to the state court, and it is therefore denied.

---

[5] Petitioner presented to the state appellate court a related but distinct claim. In his state appellate brief, petitioner argued that the trial court erred when it did not consider his supplemental motion to suppress evidence in which he argued that law enforcement relied on unverified and false information in an affidavit to obtain a warrant for his arrest. See Record No. 1544-16-4. His state malicious prosecution and subornation of perjury claims, however, dealt exclusively with the testimony of a store employee, not those of a law enforcement officer. See Record No. 1544-16-4. Accordingly, the Court of Appeals of Virginia did not consider or address the law enforcement officer's alleged perjury.

[6] The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

And even if this claim were not barred, "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985) (dismissing claim based on variance between statements in indictment and proof ultimately offered at trial); see also Moreland v. United States, 346 F.2d 376 (10th Cir. 1965) (holding illegal arrest not grounds for collateral attack).

5

### B. Claim Four

In Claim Four, petitioner argues that at his preliminary hearing the Commonwealth presented evidence insufficient to support charges of possession of burglarious tools and larceny. Review of the state court records reveals that petitioner presented only the first half of this claim to the Supreme Court of Virginia; indeed, petitioner failed to raise the larceny argument in his state appellate brief. See Record No. 1544-16-4.[7] Because petitioner could have raised this claim at trial and on appeal but failed to do so, and because it is clear that the claim would have therefore been barred, see Slayton v. Parrigan, 215 Va. 27 (1974), the claim is deemed exhausted and barred from review. Petitioner has not proffered any evidence of actual innocence or cause for his failure to raise this argument in the past, and, accordingly, he is not entitled to relief on this ground.

As to the possession of burglarious tools charge, the Court of Appeals of Virginia found that it did not have jurisdiction to review the trial court judge's findings at the preliminary hearing stage. See Record No. 1544-16-4. Respondent argues that because preliminary hearings are a state statutory right and not a constitutional right, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), prevents this Court from considering the adequacy of such a hearing. See Dkt. No. 15. Respondent has not provided precedent that directly supports such an argument, but, in any event, a very brief review of the transcript reveals that there was ample evidence to support a finding of probable cause that Hall was in possession of burglarious tools. A Target employee testified that petitioner was holding an item he believed to be an S3 key, that petitioner held up his hand to a lock, and that the lock then "became unlocked." See Preliminary Hearing Tr., p. 17. A law enforcement officer then testified that, in a search of the petitioner, he found an item

---

[7] See Ground Ten of Hall's Petition for Appeal. The brief addresses only the sufficiency of the evidence as to the charge that petitioner possessed burglarious tools. Even a liberal reading of the remainder of the petition does not support a finding that petitioner presented to the state court system an analogous argument as to the larceny claim.

in petitioner's pocket. See Preliminary Hearing Tr., pp. 40-41. The Target employee testified that the item was an "S3 key" with which one could unlock Target security devices. See Preliminary Hearing Tr., p. 12.

## C. Claim Five

In Claim Five, petitioner appears to argue that the trial court erred in that it relied on inadmissible hearsay (1) in support of its denial of petitioner's motion to suppress evidence and (2) as proof used to support a finding of petitioner's guilt at trial.

### 1. *Stone v. Powell Bars Review of Hall's Suppression Hearing Claim*

His arguments are convoluted, but Hall first appears to argue that the trial court impermissibly (i) used hearsay to support its denial of his motion to suppress evidence and (ii) impermissibly used hearsay testimony elicited during the hearing to support his conviction.

This claim is barred from review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 495-96 (1976). As the Third Circuit explained in Hubbard v. Jeffes, 653 F.2d 99 (3d Cir. 1981), Stone stands for the proposition that "when a state prisoner raises a Fourth Amendment violation in a habeas petition, a federal court may not consider the merits of the claim if the state tribunal had afforded the petitioner 'an opportunity for full and fair litigation' of his claim." Hubbard, 653 F.2d at 102-03.

In this case, petitioner does not deny that he was able to brief the trial court and participate in an evidentiary hearing regarding his search and seizure. Additionally, petitioner received in the Court of Appeals of Virginia review of his claim as it related to the use of alleged hearsay in the context of the suppression hearing. It is therefore clear that the state system

provided Hall a full and fair opportunity to litigate the legitimacy of his search and seizure and that Stone thusly bars this Court from reviewing the claim.[8]

### 2. *Procedural Default on Independent and Adequate State Ground as to Proof of Guilt Claim*

Petitioner next appears to claim that the trial court relied on inadmissible hearsay in determining his guilt. Specifically, he states that the judge impermissibly relied on a codefendant's statement when he said, "Codefendant even acknowledged that the item was taken in this particular manner." See Dkt. No. 1. This aspect of petitioner's claim is procedurally barred. The Court of Appeals of Virginia found that Hall, in violation of Rule 5A:18 of the Supreme Court of Virginia, failed to contemporaneously object to the use of such hearsay. Record No. 1544-16-4. The Fourth Circuit has found that this rule constitutes an independent and adequate state ground for denying relief. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); King v. Dean, 955 F.2d 41 (4th Cir. 1992) (unpublished) (affirming district court's finding of procedural default for petitioner's failure to contemporaneously object pursuant to Rule 5A:18). Under federal law, that determination of procedural default by the Virginia courts is presumptively correct. Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988). Hall has not demonstrated cause and prejudice for his failure to object in a timely fashion.[9]

---

[8] To the extent petitioner actually sought to contest the legitimacy of the use of hearsay by law enforcement to obtain an arrest warrant, he still is not entitled to relief. Even if Stone were not to bar review of petitioner's claim, the existence of an outstanding search warrant for petitioner represented an alternative ground for petitioner's arrest unrelated to the alleged use of hearsay. See Record No. 1544-16-4 ("Deputy Gregory and Deputy Leonard discovered that there was an outstanding felony arrest warrant for appellant. Deputy Gregory and Deputy Leonard explained that appellant would have been searched incident to arrest").

[9] Petitioner claims that he *did* object to the use of hearsay by the judge by citing the use of hearsay testimony as a ground for a motion for recusal he filed prior to the sentencing hearing in the state prosecution. See Dkt. No. 20, ¶ 21 (citing Record No. 1544-16-4) ("Prior to sentencing August 8, 2014 Mr. Hall made a verbal motion requesting the trial judge to recuse himself, wherefore, record evidence shows ... he used hearsay testimony for the truth of a matter

8

### D. Claims Six and Seven

Claims Six and Seven relate to the trial court's failure in a timely manner to appoint petitioner counsel for his direct appeal. In Claim Six, Hall avers that the late appointment of counsel denied him the right to appeal. In Claim Seven, petitioner states that counsel "should have known [he had been appointed after the appeal deadline had passed] and filed the appropriate papers to ensure that his client was going to receive appellant [sic] review of his conviction." Dkt. No. 1. The claims are moot and will therefore be denied. A claim becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Leonard v. Hammong, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Townes v. Jarvis, 577 F.3d 543, 546 (4th Cir. 2009), quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 (1997). Because the Supreme Court of Virginia granted petitioner the right to appeal his conviction out-of-time, and because the Court of Appeals of Virginia did, in fact, review petitioner's conviction for error, petitioner claims are moot. Petitioner received the relief requested by these claims, namely the right to an appeal and appellate review of his conviction.

---

asserted"). The transcript of the sentencing hearing demonstrates that petitioner's exact words were: "I have filed with the U.S. District Attorney's Office complaints against members involved in this subornation of perjury that you have attempted to prevent me from exposing by your intentional use of hearsay testimony...." Case Nos. CR24964-00 and CR24964-01, Sentencing Tr., p. 4. And though petitioner urges that this statement constituted "substantial compliance" with Rule 5A:18, see Conquest v. Mitchell, 618 F.2d 1053 (4th Cir. 1980), it is clear that it did not. Rule 5A:18 requires that a party "object[] ... with reasonable certainty at the time of the ruling, except for good cause shown...." Rules of Supreme Court of Virginia, Rule 5A:18. Petitioner's so-called objection occurred at a separate hearing to that in which the judge allegedly relied on hearsay and therefore did not occur "at the time of the ruling." Petitioner has failed to show any cause for his failure to object in a timely manner.

9

## III. Merits Review

When a state court has addressed the merits of a claim raised in a subsequent federal habeas corpus petition, the reviewing federal court may not grant the petition on that particular claim unless the state court's adjudication was (1) contrary to or an unreasonable application of clearly established federal law or (2) was based on an unreasonable determination of the facts presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).[10] The question, then, "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. A federal court should grant relief under the "unreasonable application" clause if it finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

In determining whether a state court's decision was based on an unreasonable determination of the facts unearthed at its own proceeding, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)). "The Supreme Court has found state factual

---

[10] Where a state court's adjudication is not rendered "on the merits," its decision is not entitled to the deferential review standard set out in § 2254(d).

10

findings unreasonable under § 2254(d)(2) when the direction of the evidence, viewed cumulatively, was 'too powerful to conclude anything but [the petitioner's factual claim],' and when a state court's finding was 'clearly erroneous.'" Landers v. Warden, Atty. Gen. of Ala., 776 F.3d 1288, 1294 (11th Cir. 2015) (quoting Miller–El, 545 U.S. at 265).

A. **Claims One and Three**

Claims One and Three relate to what petitioner argues was untruthful testimony presented at the criminal proceedings against him. Specifically, Hall claims that he was the victim of malicious prosecution and a conspiracy to suborn perjury when the Commonwealth of Virginia's prosecutor goaded a Target employee to lie or change his story on the stand. Dkt. No. 1. The Court of Appeals of Virginia considered this argument and found that "the trial court did not accept appellant's argument that the loss prevention officer was lying." Record No. 1544-16-4. Indeed, as the Court of Appeals noted, the trial court found the Target employee credible. Id. Accordingly, the Court of Appeals of Virginia rejected petitioner's claim that he was subjected to malicious prosecution on the basis of subornation of perjury.

This finding was not contrary to established federal law. In finding that the employee had not lied in response to the prosecutor's questions, the court implied that the prosecutor did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process" or subject petitioner to prosecutorial misconduct. See Darden w. Wainwright, 477 U.S. 168, 181 (1986). Moreover, the state court's finding of credibility, a factual determination, is entitled to deference because it was not "objectively unreasonable in light of the evidence presented in the state court proceeding." See Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003) (citation omitted). Hall's repeated allusions to the witness's testimony changing from the words "S2 key" to "S3 key" is insufficient to overturn the deference owed to the state court's finding. These claims shall therefore be denied.

11

B.  **Claim Eight**

Finally, in Claim Eight, petitioner argues that the trial court intentionally restricted Hall from cross-examining a Target employee regarding the locking mechanism of a security device. The Court of Appeals of Virginia reviewed this claim and found that, though petitioner had under the Sixth Amendment a right to cross-examine the Target employee,

> he did not have the right to ask anything he wanted in cross-examination, even if he thought the line of questioning would illustrate bias or diminish the credibility of the witness. See Jackson v. Commonwealth, 266 Va. 423, 438, 587 S.E.2d 532, 543 (2003) (a trial court can limit cross-examination of witnesses). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Van Arsdall, 475 U.S. at 679.
>
> At several times during the trial, the trial court held that appellant's questions had been asked and answered, and appellant had started arguing with the witness. The trial court also found that some of appellant's questions were not questions, but were statements, and he was testifying. The trial court's limitations on the cross-examination were reasonable under the circumstances.
>
> Appellant did not proffer any additional questions that he intended to ask the witness but that the court would not allow him to ask. "When cross-examination is limited by the court and the accused challenges the court's ruling on appeal, he or she must make a proper proffer of the excluded testimony." Stewart v. Commonwealth, 10 Va. App. 563, 568, 394 S.E.2d 509, 512 (1990); see also Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689-90 (2006).

Record No. 1544-16-4. This was neither an unreasonable determination of facts nor an unreasonable application of law. See Delaware v. Van Arsdall, 475 U.S. 573, 678-79 (1986) (providing that defendants have a right to cross-examine witnesses subject to reasonable limits designed to prevent harassment, prejudice, confusion of the issues, witness safety issues, or interrogation that is repetitive or only marginally relevant). This claim is therefore denied.

## IV. Conclusion

For the above reasons, petitioner is not entitled to habeas relief as to any of the grounds raised in his petition. Accordingly, respondent's Motion to Dismiss shall be granted, and the petition will be dismissed through an Order to issue alongside this Memorandum Opinion.

Entered this 3rd day of Sept. 2019.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge